126 N.J. Super. 228 (1974)
313 A.2d 802
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
LEROY PLOWDEN, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued November 19, 1973.
Decided January 2, 1974.
*229 Before Judges LYNCH, MEHLER and MICHELS.
Mr. James K. Smith, Jr., Assistant Deputy Public Defender, argued the cause for appellant (Mr. Stanley C. Van Ness, Public Defender, attorney).
Mr. Mart Vaarsi, Deputy Attorney General, argued the cause for respondent (Mr. George F. Kugler, Jr., Attorney General of New Jersey, attorney).
The opinion of the court was delivered by MEHLER, J.A.D.
Defendant appeals his convictions of first degree murder and assault with intent to kill. He urges two reasons for reversal, the first of which is that the *230 court erred in permitting the prosecutor to inquire of an alibi witness whether she had gone to the police with her story and in allowing the prosecutor to comment to the jury on her failure to do so.
Defendant was tried for killing one Williams and shooting one Mitchell during a card game in Jersey City at about 1:30 A.M. on Sunday, April 30, 1972. The defense was alibi. Defendant's sister, Thelma Johnson, testified that he came to her apartment in New York City some time between 11 and 11:30 P.M. on Saturday, April 29, 1972, and remained there continuously until the following Tuesday. On Tuesday night Mrs. Johnson was told by her sister that defendant had been arrested on suspicion of a murder that had occurred on Saturday night. Mrs. Johnson testified she then realized defendant could not have committed the murder. She was then asked when it was that she went to the police, to which she responded that she did not. When the prosecutor followed with the question, "You never went to the police?", there was an objection, which was overruled, and a motion for a mistrial, which was denied. The prosecutor then elicited testimony from Mrs. Johnson that she never went to the police and made no effort to tell them that her brother had been in her home.
In his summation the prosecutor commented on Mrs. Johnson's failure to go to the police. A motion for mistrial on this ground was denied. Defendant contends that the foregoing cross-examination of Mrs. Johnson and the prosecutor's comments on her testimony were prejudicially erroneous because she was under no duty to go to the police. We disagree. Mrs. Johnson's failure to tell the police soon after her brother's arrest that he had been with her when the murder for which he was arrested had been committed was inconsistent with what one could reasonably expect she would have done had defendant been in her apartment when the shootings occurred. As was said in People v. MacCullough, 281 Mich. 15, 26, 274 N.W. 693, 697 (Sup. Ct. 1937), "[T]he conduct of a witness inconsistent with his *231 testimony may be shown." In People v. McClow, 40 Mich. App. 185, 198 N.W.2d 707 (Ct. App. 1972), defendant's brother testified as an alibi witness for defendant. The prosecutor cross-examined defendant's brother concerning his failure to come forward with the alibi at any time prior to trial and argued to the jury that the failure of the witness to come forward at an earlier date should be considered as bearing upon his credibility. On appeal the court said:
Here, it was not improper cross-examination to interrogate the witness as to the conduct on his part at variance and inconsistent with what would be natural or probable if his statements on his direct examination were true. The credibility of a witness may be attacked by showing that he failed to speak or act when it would have been natural to do so if the facts were in accordance with his testimony. People v. MacCullough, supra. It was within the jury's province to determine the credibility of all the witnesses, including any whose testimony tends to establish an alibi. People v. Loudenslager, 27 Mich. 718, 42 N.W.2d 834 (1950). [198 N.W.2d at 711-712]
To the same effect, see People v. McMath, 104 Ill. App.2d 302, 244 N.E.2d 330, 336 (App. Ct. 1968); People v. Terrell, 10 Ill. App.3d 56, 293 N.E.2d 468 (App. Ct. 1973).
As a second and final reason for reversal defendant challenges three statements of the prosecutor made in the course of his summation. The first involves a statement that three named witnesses had a common fear of defendant. The comment was justified since those witnesses were or had been in the apartment where the shooting occurred, and there was testimony that when defendant got ready to leave the apartment he said he would kill anyone who identified him. In a second comment the prosecutor argued that a witness, Rudy Johnson, was used, duped or forced to take the witness stand and lie. Johnson, the defendant's 15-year-old nephew, testified as an alibi witness. The prosecutor, after calling the jury's attention to discrepancies in Johnson's testimony and conflicts between his testimony and that of others, said that he was lying. In the light of the evidence in the case, we *232 deem the statement to have been a fair argument. In the third comment the prosecutor said it was the jury's "job to protect the lives of every citizen in Hudson County [and] to protect the citizens of Hudson County against crime." We do not approve of this kind of argument. Cf. State v. Johnson, 31 N.J. 489, 512-513 (1960), app. dism. 368 U.S. 145, 82 S.Ct. 247, 7 L.Ed.2d 188 (1961). However, we are of the opinion that under the circumstances of this case it did no harm, particularly since the court in its charge instructed the jury that its verdict must be in accordance with the evidence. See State v. Knight, 63 N.J. 187, 193-194 (1973).
No objection was made at trial to any of the remarks about which defendant now complains. As the court said in State v. Thornton, 38 N.J. 380 (1962), with respect to a similar situation:
[W]e cannot overlook the failure of counsel to object to them and thus provide the trial court with an opportunity to remedy the situation if he felt the need was present. Such failure gives rise to the influence [sic] that in the atmosphere of the trial the defense did not consider the summation out of bounds. [at 399]
Upon a review and analysis of the summation, we conclude that defendant was not improperly prejudiced by any of the remarks made by the prosecutor in the course of his summation and that those remarks did not lead the jury to a result it otherwise might not have reached. State v. Macon, 57 N.J. 325, 335-336 (1971); State v. Hill, 47 N.J. 490, 499 (1966); State v. Johnson, supra, 31 N.J. at 510.
Affirmed.