In re O'BRIEN

Docket No. 79075. Argued October 8, 1987 (Calendar No. 8). Decided April 29, 1988.

The Hon. John J. O'Brien, judge of the Oakland County Probate Court, brought a petition in the Supreme Court, urging rejection of findings of judicial misconduct and recommendation of discipline by the Judicial Tenure Commission arising from violations by him of 18 USC 1014 in repeatedly failing to disclose existing debts on loan applications, from the drawing of numerous personal checks without sufficient funds, and from the improper assertion of the Fifth Amendment privilege against self-incrimination in hearings before a master. Judge O'Brien subsequently was convicted in the United States District Court for the Eastern District of Michigan, George La-Plata, J., of two counts of making false credit applications. The commission filed a superseding recommendation that Judge O'Brien be removed from office. The respondent initially urged rejection of the recommendation, but subsequently withdrew his opposition and tendered his resignation.

In a unanimous opinion per curiam, following a review of the record de novo, the Supreme Court *ordered* that Judge John J. O'Brien be removed from the office of probate judge of Oakland County.

*Plunkett & Cooney, P.C.* (by *John P. Jacobs* and *Deanna E. Hazen*), for the respondent.

Judicial Tenure Commission (by *Joseph F. Regnier, Phillip J. Thomas, Joan P. Vestrand,* and *Thomas L. Prowse*).

Per Curiam. Respondent John J. O'Brien has served since January 1, 1975 as a judge of the Oakland Probate Court.[1] The Judicial Tenure Commission has recommended that he be removed from office. We accept the recommendation and so order.

---

[1] By order dated July 21, 1987, this Court suspended respondent, pending the outcome of this matter.

I

The Judicial Tenure Commission filed a formal complaint against respondent in June 1986, alleging violations of federal law, misconduct in office, conduct clearly prejudicial to the administration of justice, and violations of several canons of the Code of Judicial Conduct. The commission accused respondent of making false representations in a series of applications for loans and credit extensions between 1980 and 1984, and of writing numerous checks knowing that he had insufficient funds to cover them.

This Court appointed a master to preside over hearings with regard to Formal Complaint No. 37. The master submitted his report in February 1987. The commission subsequently modified the master's findings of fact and conclusions of law,[2] and recommended to this Court in June 1987 the following discipline:

(1) That Respondent be suspended without pay and without all benefits for a period of three years;

(2) That during this period if Respondent makes full restitution of his indebtedness outstanding at bankruptcy to the banks and credit unions and presents proof of that fact, then his suspension shall be terminated, but in no event shall his suspension from office be for less than a six month period;

(3) That prior to reinstatement, Respondent be required to pay costs incurred by the Commission in the furtherance of this action; and

(4) That upon reinstatement, Respondent's financial affairs be monitored by a Certified Public

---

[2] The commission found three allegations of misconduct to be proven by a preponderance of the evidence: (1) the respondent's repeated failure to disclose existing debts on loan applications; (2) the respondent's writing of several personal checks knowing that he had insufficient funds to cover them; and (3) the respondent's improper assertion of the Fifth Amendment privilege against coerced self-incrimination at the hearing before the master.

Account [sic] selected by the Commission and paid for by the Respondent for a period to be determined by the Commission.

Respondent petitioned this Court to reject the commission's findings of misconduct and recommendation of discipline.

In the meantime, a grand jury of the United States District Court for the Eastern District of Michigan returned an indictment against respondent in June 1987, charging three counts of making false credit applications. 18 USC 1014. On January 14, 1988, following a nonjury trial, respondent was convicted of two counts.

Following respondent's convictions, the commission filed with this Court a superseding recommendation that he be removed from office. Respondent again petitioned this Court to reject the recommendation of discipline. However, on April 22, 1988, respondent dropped his opposition to the commission's original and superseding recommendations and tendered his resignation effective May 2, 1988.

II

Our review of the record in a Judicial Tenure Commission case is de novo. *In re Del Rio,* 400 Mich 665; 256 NW2d 727 (1977). Under the circumstances, however, it is not necessary to discuss in detail the commission's determination of misconduct. The respondent does not challenge the fact of his convictions.

Accordingly, on order of the Court, under authority of Article 6, § 30 of the Constitution of 1963, and pursuant to MCR 9.225, respondent, John J. O'Brien, is hereby removed from the office of probate judge for the County of Oakland effective May 2, 1988.

Pursuant to MCR 7.317(C)(3), we direct the clerk to issue the judgment order forthwith.