601 A.2d 757

STATE OF NEW JERSEY, PLAINTIFF–RESPONDENT,
v. FRANK PIERRO, DEFENDANT–APPELLANT.

Superior Court of New Jersey
Appellate Division

Submitted January 7, 1992—Decided January 23, 1992.

---

[2]We note that the telephone records were not the primary object of the request for the hotel records and that the State does not intend to offer them into evidence.

Before Judges ANTELL, LONG and BAIME.

*Wilfredo Caraballo*, Public Defender, attorney for appellant (*Frank J. Pugliese*, Assistant Deputy Public Defender, of counsel and on the brief).

*Robert J. Del Tufo*, Attorney General, attorney for respondent (*Craig V. Zwillman*, Deputy Attorney General, of counsel and on the letter-brief).

The opinion of the court was delivered by

BAIME, J.A.D.

This case presents novel questions concerning the scope of *Evid.R.* 65. This rule permits introduction of evidence affecting the credibility of a declarant whose out-of-court statement has been admitted under an exception to the hearsay rule. We hold that evidence of the defendant's threats resulting in the declarant's refusal to testify and recant his previously admitted declaration against penal interest may be introduced. We also hold that when impeachment evidence is admitted under *Evid.R.* 65, the trial court should instruct the jury respecting its limited probative effect.

Defendant appeals from convictions of burglary (*N.J.S.A.* 2C:18–2) and theft (*N.J.S.A.* 2C:20–3) for which he received an aggregate sentence of ten years. At trial, defendant admitted into evidence the affidavit of a fellow inmate of the Bergen County Jail in which the affiant confessed that he alone committed the offenses charged in the indictment. On rebuttal, the State was permitted to introduce the inmate's subsequent statement in which he recanted his confession and claimed that he had been coerced by defendant and his cohorts into preparing

the affidavit. In addition, the State was allowed to admit testimony indicating that the inmate refused to testify because he feared retribution at the hands of the defendant.

On appeal, it is argued that the trial court erred by (1) admitting evidence concerning the inmate's expressions of fear that he would be attacked by defendant, (2) failing to instruct the jury pertaining to the limited probative effect of the State's rebuttal testimony, and (3) imposing an illegal sentence on the theft conviction. We find no merit in any of the arguments advanced.

I.

We need not recount the facts at length. In the early evening hours of September 1, 1988, Catherine Gertz's house was burglarized. The burglar entered the house by breaking through a kitchen window. Cash, jewelry and other articles totaling approximately $3,000 in value were taken.

At 10:45 p.m. on the same night, Nicole Andez and her boyfriend were returning to her apartment which was in close proximity to Gertz's residence when their attention was drawn to defendant, who was on foot. According to Andez, their suspicions were immediately aroused because defendant had a VCR under one arm and something "bulky" under the other. When defendant noticed the presence of Andez, he furtively "looked down" and began "walking fast" in the opposite direction. The next morning Andez learned that Gertz's house had been burglarized. Andez telephoned the police and later selected defendant's photograph from an array presented to her. She subsequently identified defendant in a line-up conducted by the Bergen County Sheriff's Department.

Based upon this evidence, the jury found defendant guilty of burglary and theft. Following his convictions, defendant moved for a new trial based on newly discovered evidence. The evidence consisted of an affidavit signed by Paul Giordano, an inmate in the Bergen County Jail. In the affidavit, Giordano

confessed that he had committed the burglary of Gertz's house. Corrections Officer Alfonzie Lee Moore testified that Giordano had asked him to notarize an affidavit which would "clear" another inmate and implicate himself in a crime. Based upon this affidavit and Moore's testimony, the court granted defendant's motion for a new trial.

At the second trial, the State presented essentially the same evidence we described previously. Although defendant elected not to testify, Giordano's affidavit was admitted into evidence as a declaration against penal interest. In addition, Moore testified that he cautioned Giordano against making the confession unless it were true. In rebuttal, the State presented Detective Sergeant Nicholas Valdez, a Wood Ridge police officer, who testified that Giordano had telephoned him and had requested a meeting concerning the contents of the affidavit. At a later meeting, in the presence of his attorney and an Assistant Bergen County Prosecutor, Giordano claimed that defendant and other inmates had coerced him into making the inculpatory statement. However, Giordano refused to sign a sworn statement recanting his confession and insisted that he would not testify because he was afraid of defendant and his friends. In surrebuttal, Moore testified that Giordano signed the affidavit "of his own free will," stating that "it was something he wanted to do."

Defendant was again found guilty of burglary and theft. This appeal followed.

## II.

■ Initially, defendant challenges the admission of the State's rebuttal evidence. Defendant concedes that the trial court was correct in allowing Valdez to testify respecting Giordano's claim his confession was coerced. However, defendant asserts that it was improper to admit evidence concerning Giordano's fear of future retribution. We reject this contention.

The State's rebuttal testimony was properly admitted pursuant to *Evid.R.* 65. That rule provides:

Evidence of a statement or other conduct by a declarant inconsistent with a statement received in evidence under an exception to Rule 63, is admissible for the purpose of discrediting the declarant, though he had no opportunity to deny or explain such inconsistent statement. Any other evidence tending to impair or support the credibility of the declarant is admissible if it would have been admissible had the declarant been a witness.

While our research discloses no reported New Jersey opinion explicitly dealing with the requirements of *Evid.R.* 65, we are convinced that Giordano's claims of coercion and fear of retribution constituted evidence "tending to impair" his credibility and fell squarely within the purview of the rule.[1]

Contrary to defendant's argument, this evidence was not intended to focus upon the issue of "consciousness of guilt." In a series of decisions, our courts have held that "[t]estimony of threats made by a defendant against a witness with the intent to induce him not to testify" is admissible as substantive evidence because it "illuminates [the declarant's] 'consciousness of his own guilt' and is not subject to the restriction of *Evid.R.* 55." *See State v. Johnson,* 216 *N.J.Super.* 588, 611, 524 *A.*2d 826 (App.Div.1987); *see also State v. Hill,* 47 *N.J.* 490, 500, 221 *A.*2d 725 (1966); *State v. Lassiter,* 197 *N.J.Super.* 2, 8, 484 *A.*2d 13 (App.Div.1984); *State v. Plowden,* 126 *N.J.Super.* 228, 231, 313 *A.*2d 802 (App.Div.), *certif. denied,* 64 *N.J.* 504, 317 *A.*2d 717 (1974). Defendant correctly points out that *Evid.R.* 65 limits the admission of out-of-court statements to those affecting the credibility of a declarant whose declaration has been admitted as an exception to the hearsay rule. He properly notes that, although threats and coercion of a witness by a

---

[1] *Fed.R.Evid.* 806 is the counterpart to *Evid.R.* 65. Although our research does not disclose a federal decision directly on point, *Fed.R.Evid.* 806 has been broadly construed to permit admission of several types of impeachment evidence. *See United States v. Graham,* 858 *F.*2d 986, 990 (5th Cir.1988) (inconsistent statements); *United States v. Pizarro,* 717 *F.*2d 336, 350 (7th Cir.1983) (prior testimony); *United States v. Noble,* 754 *F.*2d 1324, 1330 (7th Cir.1985) (prior convictions).

defendant are admissible to show "consciousness of guilt," they may not be introduced by way of a hearsay declaration.

This much conceded, we have long permitted admission of evidence of threats and coercion "to explain discrepancies or contradictions in a witness' testimony." *See, e.g., State v. Gray,* 112 *N.J.Super.* 412, 418, 271 *A.*2d 597 (App.Div.1970), *certif. denied,* 57 *N.J.* 596, 274 *A.*2d 51 (1971); *State v. Rivera,* 232 *N.J.Super.* 165, 180, 556 *A.*2d 1227 (App.Div.), *certif. denied,* 117 *N.J.* 169, 564 *A.*2d 885 (1989); *State v. Walter,* 14 *N.J.Misc.* 547, 186 *A.* 429 (Sup.Ct.1936), *aff'd o.b.,* 117 *N.J.L.* 547, 189 *A.* 621 (E. & A. 1937). In *State v. Rivera,* for example, a witness was permitted to testify that she did not implicate the defendant in her initial statement to the police because she feared he would beat her as he had in the past. 232 *N.J.Super.* at 180, 556 *A.*2d 1227. We held that this evidence was admissible on the question of the witness' credibility because it explained why she wanted to protect the defendant in her initial statement to a law enforcement official. *Ibid.* Similarly, in *State v. Gray,* we held that evidence of a witness' fear of the defendant was admissible to show why he had initially equivocated in identifying him on the first day of trial. 112 *N.J.Super.* at 418, 271 *A.*2d 597. We said that the witness' "description of the circumstances, both objective and subjective, which triggered his fears," was properly admitted to explain "his reasons for giving the variant testimony." *Ibid.* Likewise, in *State v. Walter,* the old Supreme Court upheld the admission of evidence of threats against a witness to show why the testimony he gave before the grand jury was "at variance with his testimony at the ... trial." 14 *N.J.Misc.* at 550, 186 *A.* 429. The Court said that this evidence was properly admitted because it affected the credibility of the witness. *Ibid.*

These principles apply with equal force here. *Evid.R.* 65 makes it clear that the credibility of a declarant is subject to attack when his statement is admitted by virtue of an exception to the hearsay exclusionary rule. *See* Biunno, *Current N.J.Rules of Evidence,* Comment to *Evid.R.* 65 (1992). Giorda-

no's statement that he was coerced into making the confession was admissible to cast doubt upon the truth of his prior declaration against penal interest. The declarant's fear of retribution was admissible to explain the reason for his refusal to provide a written recantation of his confession. The State's rebuttal was offered to impeach Giordano's credibility and was thus properly admitted under *Evid.R.* 65.

### III.

That leads us to defendant's contention that the trial court failed to instruct the jury with respect to the limited probative effect of Valdez's testimony. This point does not require extended discussion. We agree with defendant's assertion that when evidence is admitted under *Evid.R.* 65 the jury should be instructed as to its limited effect. For example, where a statement is admitted which is inconsistent with a hearsay declaration that has been received under an exception to *Evid.R.* 63, the trial court should instruct the jury that it may consider the inconsistent statement only for the purpose of affecting the declarant's credibility, not as substantive evidence. Biunno, *Current N.J.Rules of Evidence,* Comment to *Evid.R.* 65 (1992); *see also Evid.R.* 6.

The instructions given by the trial court in this case fully comported with that principle. The trial court emphasized that Giordano's oral statements were admitted only for the purpose of discrediting his truthfulness. The court specifically admonished the jury that Giordano's oral statements "could not be taken as substantive evidence," but instead were "admitted to attack the credibility" of his written affidavit. The trial court's metonymic references to Giordano's written statement did not undermine this peremptory language. Jurors do not sit in solitary isolation "parsing instructions for subtle shades of meaning in the same way lawyers might." *Boyde v. California,* 494 *U.S.* 370, 381, 110 *S.Ct.* 1190, 1198, 108 *L.Ed.*2d 316,

329 (1990). We are thoroughly satisfied that the appropriate legal principles were fairly conveyed to the jury.

## IV.

Defendant's final contention is that he was sentenced for third degree theft, but convicted of the lesser-included offense of fourth degree theft. The verdict sheet given to the jury was in accord with the statutory language, which makes theft a third degree crime where the value of the goods taken is "in excess" of $500, and a fourth degree offense where the value is "at least" $200 but "does not exceed" $500. *See N.J.S.A.* 2C:20–2b(2)(a) and *N.J.S.A.* 2C:20–2b(3). In returning the jury's verdict, the foreperson stated "[w]e find the defendant guilty of $500." Defendant asserts that the foreperson's response to the trial court's question indicated that the jury intended to return a guilty verdict of fourth degree theft.

The foreperson's statement was indeed ambiguous. However, the trial court subsequently clarified the jury's finding as to the value of the goods taken by polling the jurors individually. The jurors' responses indicated that the jury found the value of the goods stolen was in excess of $500.

Defendant was sentenced to a four year term of imprisonment to run concurrently with the ten year extended term imposed on the burglary conviction. The sentence was within statutory bounds and was manifestly legal. *See N.J.S.A.* 2C:43–6a(3).

Affirmed.