STATE of Tennessee, Petitioner,

v.

Marvin BEASLEY, Jr., Respondent.

Supreme Court of Tennessee.

April 19, 1976.

R. A. Ashley, Jr., Atty. Gen., Robert E. Kendrick, Deputy Atty. Gen., Nashville, for petitioner.

James S. Patrick, Jr., Hendersonville, for respondent.

## OPINION

FONES, Chief Justice.

The sole question presented for determination is whether it is error for the prosecuting attorney to state in his closing argument, over defense counsel's objection, that the defendant's alibi witness gave false testimony when the evidence supports such an inference.

Respondent was convicted of robbery and sentenced to five to ten years in the State penitentiary. He appealed to the Court of Criminal Appeals which reversed his conviction on the ground that the District Attorney General exceeded the bounds of advocacy in arguing to the jury in his closing argument that the defendant's alibi witness had "lied." We reverse the Court of Criminal Appeals and reinstate the conviction.

At the trial, Mrs. Puckett Cothran, the victim, positively identified respondent as one of two individuals who robbed her in her home in Williamson County at approximately 7:30 p. m. on February 22, 1974. She testified that she had known respondent all of her life, that she could see through the thin ladies' hose that he was wearing as a mask, and that she recognized his body structure and voice at the time of the robbery.

Respondent relied solely on an alibi defense. He presented two witnesses who testified that he had been with them in Nashville during the time of the robbery on February 22, 1974.

In rebuttal the State elicited the testimony of Sheriff Williams of Williamson County as follows:

"Q. Sheriff, I believe that just before the Jury had left you had testified that you had had an opportunity to question Mr. Beasley after he was returned by the Rutherford County authorities?

A. I did.

Q. And the date was what?

A. March 18, 1974, Sir.

Q. March 18, 1974. Then at that time about—at that time did you ask him about the occurrence at Mrs. Cothran's residence on February 22nd?

A. I did, on one of the discussions of the armed robbery at Mrs. Cothran's I was asking him questions and at this time he stated that he didn't know anything about it and he did state to me at this time, that on this date he was out of the state.

Q. He said he was out of the state?

A. Yes, sir.

Q. All right did he state what state he was in?

A. Alabama.

Q. In the State of Alabama?

A. He said he could prove it.

Q. He said he could prove that he was in Alabama?

A. Yes, sir."

During final arguments the District Attorney General made the following statements which the Court of Criminal Appeals found to be reversible error:

"*Dist. Atty. Gen. Davies*: So they determined to have this woman that he was familiar with come up with—to concoct this excuse as to where he was and that it was the concocted defense that he was going to give when the Sheriff saw him, he decided it would be easier to have somebody come up and lie about him being—

*Mr. Woodard*: Your Honor, I object to this, every witness in this trial is presumed to tell the truth. The District Attorney General has just called the witness a liar, its for the Jury, not the District Attorney.

*The Court*: You have the right to answer that and raise your question to the Jury.

*Dist. Attorney General Davies*: He decided it would be easier to have this woman come up and lie about him being in Madison than it would be to get somebody to lie about being in Alabama and that was just the choice that he made on that occasion."

Although there has been no criminal case directly in point in Tennessee, this Court

has developed general rules which aid our analysis and resolution of the instant case.

■ The District Attorney General is warranted in making an argument to the jury when his argument is supported by evidence introduced at trial. *Smith v. State,* 205 Tenn. 502, 543–544, 327 S.W.2d 308, 326–327 (1959). He may not, however, indicate that his argument is based upon evidence not appearing in the record. *Wooten v. State,* 203 Tenn. 473, 314 S.W.2d 1, 5 (1958). Our Code of Professional Responsibility, DR 7–106(C)(4), states that when appearing before a tribunal, a lawyer shall not "[a]ssert his personal opinion . . . as to the credibility of a witness . . . but he may argue, on his analysis of the evidence, for any position or conclusion with respect to the [credibility of a witness]."

The record contains ample support to provide a basis for the District Attorney General's argument that the defense witnesses had committed perjury. The victim positively identified respondent by his facial features, his voice, and his body build and structure. She had been acquainted with respondent since his birth; a more positive identification is difficult to imagine. Additionally, the Sheriff testified that respondent had told him that he was not even in the State of Tennessee on the date in question. Respondent said that he had been in Alabama and could prove it.

■ The testimony of these two witnesses certainly establishes an inference that the defense witnesses had perjured themselves about respondent's whereabouts on the night in question. The District Attorney General did not go outside of the evidence in his statement and was justified in relying on the inference established by the testimony of these two witnesses in making his argument.

Nor did the District Attorney General violate DR 7–106(C)(4) of the Code of Professional Responsibility. Upon an analysis of the evidence, his argument was presented as an ultimate conclusion which would necessarily follow if the testimony of the

prosecution witnesses were believed by the jury. His personal opinion, per se, was not interjected in the argument.

While the only Tennessee case in point is a civil one, *Stone v. O'Neal,* 19 Tenn.App. 512, 90 S.W.2d 548 (1935) (accusation of perjury held no error), the majority of other jurisdictions considering the question have ruled that the remarks of counsel making reference to "lying" defendants or defense witnesses are allowed if based upon evidence in the record. *People v. Reyes,* 12 Cal.3d 486, 116 Cal.Rptr. 217, 526 P.2d 225 (1974); *People v. Weaver,* 18 Ill.2d 108, 163 N.E.2d 483 (1959); *People v. Charles,* 58 Mich.App. 371, 227 N.W.2d 348, 357 (1975); *State v. Franklin,* 526 S.W.2d 86 (Mo.App. 1975); *State v. Nelson,* 103 N.H. 478, 175 A.2d 814 (1961); *State v. Plowden,* 126 N.J. Super. 228, 313 A.2d 802 (1974); *State v. Noell,* 284 N.C. 670, 202 S.E.2d 750 (1974).

We hold that the remarks made by the District Attorney General were amply supported by the record and did not constitute error.

The judgment of the Court of Criminal Appeals is reversed and that of the trial court affirmed.

COOPER, HENRY, BROCK and HARBISON, JJ., concur.