**Charles Hasque BISHOP, Appellant,**

v.

**STATE of Tennessee, Appellee.**

Court of Criminal Appeals of Tennessee.

Jan. 17, 1978.

Certiorari Denied by Supreme Court
April 10, 1978.

Richard E. Hopson, Kingsport, for appellant.

Brooks McLemore, Jr., Atty. Gen., Patricia J. Cottrell, Asst. Atty. Gen., Carl K. Kirkpatrick, Jr., Dist. Atty. Gen., H. Greeley Wells, Asst. Dist. Atty. Gen., for appellee.

RUSSELL, Judge.

### OPINION

Charles Hasque Bishop has appealed his conviction for first degree burglary and habitual criminality, carrying a mandatory sentence of life imprisonment. For reasons hereinafter stated, the judgment is in all particulars affirmed.

Two assignments of error are predicated upon the appellant's assertion that the evidence is insufficient to support the jury's verdict. This case involves the burglary of a trailer home. Larry Mike Bailey, the owner of the trailer park where the trailer home was situated, testified that on the night of the burglary he saw the appellant standing next to the trailer with a bundle of clothes in his arms. When Bailey stopped his car with the headlights shining directly on Bishop, Bishop fled. Mr. Bailey's wife, who was in Mr. Bailey's car at the time, also testified. She said she wrote down the license number of the car that was parked next to the burglarized trailer. It was later determined that the car was registered in the appellant's name. In view of this evidence, we find that the jury's verdict was supported by sufficient evidence.

Error is assigned on the basis of remarks in the District Attorney General's closing argument concerning the appellant's alibi defense. He commented as follows:

"Now the defense's alibi is all family and you saw that defense fall apart when the mother testified. She tore the times all to pieces on it. It's a put together piece of work. It's easily seen through."

As has been indicated, the record contains ample support for the D.A.'s arguments that the alibi testimonies were perjurious. We find no impropriety in his argument. *State v. Beasley*, 536 S.W.2d 328 (Tenn. 1976); *Christian v. State*, 555 S.W.2d 863 (Tenn.1977). This assignment of error is without merit.

■ By his next assignment of error, the appellant alleges that after the jury found him guilty of first degree burglary he should have been allowed to qualify the jurors before they heard evidence on the habitual criminal charge. The record reflects no request for such a proceeding during the trial. This issue is not raised in the appellant's written motion for a new trial. The record does not contain a transcript of the hearing on the motion for a new trial. Even though this assignment of error is not properly before this court, we note that the jurors had already been qualified before hearing the burglary evidence and find no merit to the appellant's contention that they should be qualified again before hearing the habitual criminal evidence. The same jury is required to hear both facets of the bifurcated proceedings, and was found initially to be qualified. This assignment is overruled.

■ The appellant's remaining assignments of error relate to the prior convictions that the State introduced into evidence to demonstrate that Bishop is an habitual criminal as defined in T.C.A. § 40–2801. The first of these challenges the admission into evidence of the appellant's conviction for grand larceny in Scott County, Virginia, on July 19, 1962. Bishop's argument is that this conviction is too remote to be considered in determining whether he falls within the definition of T.C.A. § 40–2801. There are no provisions in T.C.A. § 40–2801 et seq. for excluding convictions because of their remoteness in time. This assignment has no merit.

■ The appellant next challenges the introduction into evidence of a February 5, 1969, conviction for receiving stolen United States postal money orders. This conviction was in the U.S. District Court, Eastern District of Tennessee, Northeastern Division. Receiving stolen property, as an offense listed in T.C.A. § 40–2712, is incorporated by reference into T.C.A. § 40–2801. Evidence of this conviction was properly before the jury.

■ Bishop alleges that the jury should not have been allowed to consider his conviction for bringing stolen property into the State, in violation of T.C.A. § 39–4220. This conviction occurred in the Criminal Court of Sullivan County on April 26, 1973, and evidence of it was properly admitted by the trial court as evidence of a conviction for a non-specified felony under T.C.A. § 40–2801.

The final conviction that is challenged is one for felonious assault with intent to commit murder in the second degree. Bishop pleaded guilty to that offense in the Criminal Court of Sullivan County on October 2, 1973. This conviction is also one for a non-specified felony under T.C.A. § 40–2801 and was properly before the jury.

The appellant does not challenge evidence of his conviction for burglary on February 22, 1971, in the Criminal Court of Sullivan County.

Including the conviction for first degree burglary in the present case, this record contains evidence of six felony convictions. Four of those felonies are specified felonies under T.C.A. § 40–2801 and two are non-specified felonies under the statute. They are doubly sufficient to support the adjudication of habitual criminality.

The judgment of the trial court is affirmed.

DAUGHTREY and TATUM, JJ., concur.