**IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE**

**AT NASHVILLE**

APRIL 1997 SESSION



**FILED**

**August 15, 1997**

**Cecil W. Crowson**
**Appellate Court Clerk**

| | | |
|---|---|---|
| **TONY A. MAKOKA,** | ) | |
| | ) | |
| Appellant, | ) | C.C.A. No. 01C01-9603-CC-00124 |
| | ) | |
| vs. | ) | Rutherford County |
| | ) | |
| **STATE OF TENNESSEE,** | ) | Honorable   J.S. Daniel, Judge |
| | ) | |
| Appellee. | ) | (Post-Conviction) |
| | ) | |

FOR THE APPELLANT:

RUSS EAGLE (Appeal)
Attorney at Law
401 W. Main St.
Murfreesboro, TN  37130

JACK G. HEFFINGTON (Hearing)
Attorney at Law
520 S. Church St.
Murfreesboro, TN  37130

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General & Reporter

DARYL J. BRAND
Assistant Attorney General
Criminal Justice Division
450 James Robertson Parkway
Nashville, TN 37243-0493

WILLIAM C. WHITESELL, JR.
District Attorney General
Rutherford Co. Judicial Bldg.
Murfreesboro, TN  37130

OPINION FILED: _____

**AFFIRMED**

CURWOOD WITT
JUDGE

**OPINION**

The petitioner, Tony A. Makoka, appeals the Rutherford County Circuit Court's denial of post-conviction relief. The petitioner was convicted by a jury of his peers of attempted first degree murder of his paramour, Jane Rhodes, and attempted second degree murder of her friend, Dwight Cooper, following a car chase and shooting incident which ended on the steps of the Murfreesboro Police Department. The petitioner is serving concurrent 20 year and 10 year sentences for these convictions. State v. Makoka, 885 S.W.2d 366 (Tenn. Crim. App. 1994). In this appeal, the petitioner raises four issues pertaining to ineffective assistance of counsel -- (1) failure to move for suppression of evidence obtained pursuant to a warrantless search, (2) failure to adequately investigate, (3) failure to object to the prosecution's characterizations of the petitioner's wife as untruthful, and (4) that counsel prevented the petitioner from testifying in support of his defense. In addition, the petitioner contends the trial court should have disqualified the district attorney's office from representing the state in post-conviction proceedings because one of the police officers who testified for the state at trial is now a member of the district attorney's office and was called to testify for the defense at the post-conviction hearing. On review, we affirm.

The petitioner, married and a father, was involved in an extramarital relationship with one of the victims, Jane Rhodes. This relationship, tempestuous at times, apparently ended in late 1991, although the petitioner and Ms. Rhodes attempted to maintain a platonic friendship. In December 1991, the petitioner and Ms. Rhodes attended a Christmas party together and exchanged gifts. However, they quarreled on at least two occasions prior to January 3, 1992. On that date, the petitioner shot Ms. Rhodes and Dwight Cooper, and as a result he faced trial for two counts of attempted first degree murder. The petitioner was represented at trial by attorney Richard McGee of Nashville. He was convicted of the attempted first

degree murder of Rhodes and attempted second degree murder of Cooper. That judgment was affirmed by this court, and the sentence was modified. The petitioner's appellate counsel in this court was Karen Hornsby of Murfreesboro.[1] The supreme court denied the petitioner's pro se request for permission to appeal. The petitioner has now brought a petition for post-conviction relief, which was denied by the court below. The matter is before us for appellate review.

## I

The Sixth Amendment of the United States Constitution and Article I, § 9 of the Tennessee Constitution both require that a defendant in a criminal case receive effective assistance of counsel. Baxter v. Rose, 523 S.W.2d 930 (Tenn. 1975). When a defendant claims ineffective assistance of counsel, the standard applied by the courts of Tennessee is "whether the advice given or the service rendered by the attorney is within the range of competence demanded by attorneys in criminal cases." Summerlin v. State, 607 S.W.2d 495, 496 (Tenn. Crim. App. 1980).

In Strickland v. Washington, the United States Supreme Court defined the Sixth Amendment right to effective assistance of counsel. 466 U.S. 668, 104 S. Ct. 2052 (1984). First, the appellant must show that counsel's performance fell below an objective standard of reasonableness under prevailing professional norms and must demonstrate that counsel made errors so serious that he was not functioning as "counsel" guaranteed by the Constitution. Strickland, 466 U.S. at 687, 104 S. Ct. at 2064. Second, the petitioner must show that counsel's performance prejudiced him and that errors were so serious as to deprive the defendant of a fair trial, calling into question the reliability of the outcome.

---

[1]The petitioner has made no allegation of ineffectiveness with respect to the services provided by Hornsby.

Strickland, 466 U.S. at 687, 104 S. Ct. at 2064.

The petitioner's burden of proof in all cases filed after May 10, 1995 is by clear and convincing evidence. Tenn. Code Ann. § 40-30-210(f) (Supp. 1996). The court must indulge a strong presumption that counsel's conduct falls within the range of reasonable professional assistance and must evaluate counsel's performance from counsel's perspective at the time of the alleged error and in light of the totality of the evidence. Strickland, 466 U.S. at 690, 695, 104 S. Ct. at 2066, 2069. The petitioner must demonstrate that there is a reasonable probability that but for counsel's deficient performance, the result of the proceeding would have been different. Strickland, 466 U.S. at 695, 104 S. Ct. at 2069. A trial court's findings of fact following a post-conviction hearing have the weight of a jury verdict. Bratton v. State, 477 S.W.2d 754, 756 (Tenn. Crim. App.1971). On appeal, those findings are conclusive unless the evidence preponderates against the judgment. Butler v. State, 789 S.W.2d 898, 900 (Tenn. 1990).

## A

In his first argument, the petitioner contends his trial counsel was ineffective because he failed to move for suppression or otherwise object to introduction of evidence obtained pursuant to a warrantless search. This allegation pertains to a search of the petitioner's truck which took place shortly after the shootings outside the Murfreesboro Police Department. In the petition and at the hearing below, this issue was not raised as an ineffective assistance claim. The pro se petition raises the introduction of the evidence as "judicial misconduct."[2] Counsel in the proceedings below did not amend the petition to include error of trial counsel

---

[2]It is clear from the context, however, the petitioner's allegation is one of erroneous admission of the evidence by the trial court.

in failing to pursue suppression of the evidence obtained in the search.[3] The post-conviction court found "no reasonable basis to claim . . . the defendant was convicted as a result of some constitutional right that he would have had as regards to evidence within the vehicle."  The court went on to find the search was justified as a search incident to arrest.  Because this issue was not raised below, it is not a proper ground for relief in this court.  Tenn. R. App. P. 36(a); Alonzo Williams v. State, No. 1100, slip op. at 2 (Tenn. Crim. App., Knoxville, Mar. 4, 1987) (in post-conviction proceedings, "the rule is that questions not raised by the pleadings and then litigated in the trial court are not reviewable on appeal") (citation omitted), perm. app. denied (Tenn. 1987).  Thus, this issue is without merit.

Even though the petitioner failed to preserve this issue for our review by first presenting it to the trial court, we would nevertheless decline to grant the requested relief if the issue was properly before us.

---

[3]Counsel at the post-conviction hearing made the following statement on the record:

> *The petition, your Honor, being all-inclusive, covers several areas. One is that it covers the ineffective assistance of counsel issue.  It covers the search and seizure issue of the physical evidence.* It also covers the sentencing of the Court.  It also covers it.
> . . .
> Your Honor, there is the issue that he covered in his petition as to his statements given to Detective Peel.  His position is that those statements were taken under some type of trickery or coercion or certainly without his understanding that they would be used against him in a court of law. *The petition also covers certain things that he calls inappropriate conduct of the trial judge, your Honor.*  It also covers the inappropriate or prosecutorial misconduct of the District Attorney.  And that's basically the things that he's covered in the petition, and we would like, your Honor, to cover as many of those issues as the Court would allow.  (emphasis added)

Additionally, post-conviction counsel's summation at the hearing treats the search and seizure issue as a free-standing deprivation of constitutional rights, separate from the constitutional claim of ineffective assistance of counsel.  It is apparent from counsel's statements that the search and seizure issue was raised as a separate allegation and not as part of the ineffective assistance of trial counsel claim.

The record reflects that within moments of the shootings, the appellant was detained in handcuffs, first in a police cruiser and then in the basement of the police station, until a detective arrived to question him. According to both the detective and the petitioner, the petitioner was not formally advised he was under arrest until after he was questioned, although he clearly was not free to leave. At some time during these events, in all likelihood before the petitioner was formally placed under arrest, the passenger compartment of his truck was searched. This search yielded ammunition matching that used in the shootings and a receipt for ammunition dated approximately two weeks prior to the shootings. The petitioner contends this search was improper either (1) because it was not a search incident to arrest, or alternatively, (2) even if it was a search incident to arrest, no exigent circumstances existed. On the other hand, the state argues the search was proper (1) as an inventory search, or (2) as a search incident to arrest. In our view, the record supports a finding that the warrantless search was justified, although not on either ground advanced by the state.

The Fourth Amendment to the United States Constitution and Article I, section 7 of the Tennessee Constitution guarantee individuals the right to be free of unreasonable governmental searches and seizures. A warrantless search is per se an unreasonable search, unless one of the well-defined exceptions to the warrant requirement applies. Katz v. United States, 389 U.S. 347, 357, 88 S. Ct. 507, 514 (1967); State v. Tyler, 598 S.W.2d 798, 801 (Tenn. Crim. App. 1980).

In this case, the petitioner's vehicle was parked in a public place, a public street immediately in front of the Murfreesboro police station, within the area in which the shooting had just taken place. Two individuals were present at the scene with obvious gunshot wounds, and at least one police officer saw the petitioner standing in the area either holding a gun or near a gun that was on the

6

ground.[4]  A less than full box of ammunition could be seen on the seat of the petitioner's truck.  As our supreme court has recently recognized, a warrantless search of a vehicle in a public place, in the aftermath of a crime and when there is probable cause to believe the vehicle contains items that are subject to seizure[5], is entitled to a conclusive presumption of exigency, permitting the warrantless search, even absent actual likelihood of risk of delay in obtaining a warrant.  State v. Leveye, 796 S.W.2d 948 (Tenn. 1990) (adopting the rule of California v. Carney, 471 U.S. 386, 105 S. Ct. 2066 (1985)).  In this case, probable cause clearly existed because the crime was committed in the immediate area and the box of ammunition was in plain view, and the Leveye/Carney exception applies to authorize a warrantless search under the vehicle-search exception to the warrant requirement.  See Carroll v. U.S., 267 U.S. 132, 45 S.Ct. 280 (1925).[6]  Accordingly, there is no basis for an ineffective assistance claim premised upon counsel's failure to challenge this warrantless search.  If this issue were properly before us, we would find it without merit.

**B**

The petitioner's next claim is that his attorney failed to conduct an adequate investigation.  First, he complains of trial counsel's alleged failure to investigate victim Cooper's criminal history and possible gun ownership.  Had such evidence been uncovered, it presumably could have (1) been used for impeachment

---

[4]The evidence is conflicting on this point.  Which version is correct is immaterial to our determination.

[5]The Leveye holding is not limited to contraband; it extends to other types of evidence that may otherwise be obtained by search warrant, as well.  State v. Ronald Edward Parrish, No. 01C01-9309-CC-00292, slip op. at 4 (Tenn. Crim. App., Nashville, Nov. 16, 1995), perm. app. denied (Tenn. 1996).

[6]Because Leveye supports the warrantless search of the petitioner's truck, we express no opinion regarding the applicability of the search incident to arrest and inventory search exceptions to the warrant requirement.

7

purposes, and/or (2) would have supported the petitioner's claim Cooper shot at him during the car chase.[7] Second, the petitioner takes issue with trial counsel's alleged failure to investigate and bring to the court's attention his claim he told a police officer he did not want to make a statement shortly before he was interrogated by a detective.

At the hearing, trial counsel testified he investigated Cooper by talking with people who knew him, obtaining a "rap" sheet, attempting to talk with him personally[8] and examining him at the preliminary hearing. The petitioner did not directly contradict his former attorney's testimony; he merely alleged counsel never advised him of the results of the investigation. Moreover, the petitioner failed to present any evidence at his post-conviction hearing regarding Cooper which would have supported his defense, had his attorney discovered it and presented it at trial. The post-conviction court found, "Mr. McGee performed a very thorough and effective investigation in this cause and was very effective in representing [the petitioner]." We cannot say the evidence preponderates against this finding. Not only has the petitioner failed to establish his attorney's ineffective assistance, he has failed to demonstrate any prejudice therefrom. See Strickland, 466 U.S. at 687, 104 S. Ct. at 2064.

The petitioner also complains his attorney failed to investigate and bring to the court's attention an invocation of Fifth Amendment privilege the petitioner allegedly made when he was detained outside the police station and

_____

[7]No physical evidence supported this theory at trial. The victims denied Cooper was armed. No gun was ever recovered from the area where the petitioner alleged he saw Cooper throw the gun. The petitioner claimed he sustained property damage to his truck as a result of the alleged shot, but one of the police officers testified the dent in question could not have been caused by a recently fired bullet because the dent was rusty.

[8]According to trial counsel, Cooper refused to talk to him.

**8**

placed in a police cruiser. The petitioner does not deny he later waived his rights and gave a statement after he was inside the police station. At the hearing, the petitioner alleged he had signed a written statement invoking his rights while in the police cruiser and that he had asked his trial attorney to look into this matter. Trial counsel was not asked by either party whether he had investigated the existence of such a written or oral statement, although he testified he was given "the total open file" by the state months prior to trial. Detective Eddie Peel, who interrogated the petitioner inside the police station, testified he did not recall seeing a document signed by the petitioner stating he did not want to give a statement and he had never heard of the existence of any statement by the petitioner asserting Fifth Amendment privilege prior to the post-conviction hearing. The evidence does not preponderate against the finding of the trial court that counsel conducted a thorough investigation. The petitioner has brought forward no evidence that his counsel did not investigate the alleged invocation of privilege, at least in the "open file" provided by the state. Further, the petitioner has failed to demonstrate that the suppression of his subsequent statement would have resulted in a different outcome.[9] The evidence against the petitioner was overwhelming. Both victims testified in great detail about the petitioner's actions. Police officers and a police department employee provided further corroboration of the petitioner's guilt. The physical evidence points to the petitioner. The petitioner's statement was essentially cumulative of the overwhelming evidence of his guilt.[10] Accordingly, neither prong of the Strickland test has been satisfied. This issue lacks merit.

---

[9]It is not necessary for us to determine at this stage whether the subsequent statement should have been suppressed if the facts are as the petitioner alleges. We express no opinion in that regard.

[10]If anything, the petitioner's statement that was part of the state's evidence lends support to the self-defense theory he alleges should have been more vigorously pursued. Had counsel successfully challenged the admission of the statement, the petitioner would likely be before us complaining counsel should have allowed the statement into evidence because it supported a self-defense theory.

**C**

The petitioner's next appellate argument is with his trial counsel's failure to object to the prosecutor's alleged characterizations of the petitioner's wife as a liar. This issue was not raised below as one of ineffective assistance of counsel. Rather, the pro se petition raised it as an issue of "judicial misconduct" of the prosecutor. The petitioner's counsel made no comment on the record in the court below indicating a desire that this issue be considered as one of ineffectiveness of counsel. The post-conviction court treated the issue as one of prosecutorial misconduct and found "no basis for a finding that [the district attorney] engaged in any act of prosecutorial misconduct" and that the prosecutor's "representation, statements and argument appear and are found to be well within the grounds of propriety in the prosecution of this case and in the arguing of facts and issued raised by the proof to the jury." Because the petitioner did not raise this issue as one of ineffective assistance in the court below, that court did not have the opportunity to make findings of fact and rule on it accordingly. As a court of appellate review, we are precluded from contravening the province of the trier of fact. Tenn. R. App. P. 36(a) (party who caused error or failed to take action to prevent error is not entitled to appellate relief); Alonzo Williams, slip op. at 2. Thus, this issue is not properly before us.

Notwithstanding the petitioner's failure to properly present this issue in the court below, we would find it without merit if it was properly before us. The trial record reveals that one of the petitioner's strongest witnesses was his wife, Wendy Makoka, and she was subject to vigorous cross-examination by the district attorney. That questioning includes the following by the prosecutor:

Q. Now, I don't mean to be ugly, but you don't have trouble remembering the answers to Mr. McGee's questions. Why don't you remember the answer to that one?

A. It all depends with, you know, what type of question.

Q. Yes, ma'am.

A. Or how it's asked.

Q. Isn't it true it all depends on whether it helps your husband or hurts him?

A. No, that's not true.

Immediately thereafter, on redirect examination, defense counsel questioned Mrs. Makoka.

Q. Would you lie under oath, Ms. Makoka? That's just what he's accused you of doing, ma'am.

District Attorney: Your Honor, I haven't accused her of that.

Defense Counsel: That's exactly what that question was designed to do.

Q. Would you lie under oath?

A. I'm not here to lie. I'm not lying. I'm not here to lie. I wouldn't be here if I was going to tell you all lies.

During closing argument, the district attorney said, "And, ladies and gentlemen, contrary to what Mr. McGee says, I am not calling Wendy Makoka a liar, but I do not understand her testimony -- maybe you do . . . ." Later, he said, "If I have insinuated she's a liar, I apologize to her, but I do not and am not ashamed to tell you that I believe the proof shows she is a biased witness. And if you show me a wife that's not biased in favor of her husband, then I'll show you a wife that's not worth having." Defense counsel later addressed the issue in his summation, acknowledging, "[Y]esterday . . . I got angry when I felt Wendy Makoka was being called a liar." He went on to argue the veracity of Mrs. Makoka's testimony and why the jury should accept it as reliable.

The issue the petitioner presents is whether counsel was ineffective for failing to object to these statements. Whether there was prosecutorial misconduct is determinative of whether a valid objection could be interposed. The supreme court has said a prosecutor is within the proper bounds where his

**11**

argument is based upon inferences supported by the evidence of record, State v. Brown, 836 S.W.2d 530, 552 (Tenn. 1992), including argument pertaining to the veracity of a witness's testimony.  State v. Beasley, 536 S.W.2d 328, 330 (Tenn. 1976).  Although an attorney may not express his personal opinion of a witness's credibility, he may argue based upon his analysis of the evidence and the conclusion supported by the evidence.  Tenn. Sup. Ct. R. 8 (Code of Prof'l Responsibility), DR 7-106(C)(4); Lackey v. State, 578 S.W.2d 101, 107 (Tenn. Crim. App. 1978).  The trial court found there was no prosecutorial misconduct, and we cannot say the evidence preponderates against this finding.[11]  Absent prosecutorial misconduct, which would have formed the basis for a proper objection, there can be no ineffective assistance of counsel.  The petitioner would not be entitled to relief on this issue if it was properly before us.


**D**

In his final argument relating to ineffective assistance of counsel, the petitioner contends his trial counsel prevented him from testifying in his own defense.  The petitioner does not contend counsel refused to let him testify; rather, he says counsel convinced him not to take the stand and only gave him the option of testifying less than 24 hours before trial, at which time it was too late for him to prepare his testimony.  Trial counsel testified he discussed this issue with the petitioner at great length.  Counsel was concerned the petitioner might fail to connect with the jury, which would destroy the positive impact of Mrs. Makoka's testimony, as well as that of the petitioner's treating psychiatrist.  Counsel considered the testimony of Mrs. Makoka and the psychiatrist to be particularly strong for the petitioner's case.  According to counsel, the ultimate decision whether

---

[11]As an aside, we note that trial counsel effectively dealt with any arguably objectionable expression of personal opinion by addressing it on redirect examination of Mrs. Makoka and in his closing argument.

to testify was petitioner's. The post-conviction court found, "[D]efendant was clearly made aware of his decision to testify or not to testify and made a wise decision in not testifying." Although neither party discussed it in the briefs to this court, the record of trial memorializes that the petitioner was examined outside the presence of the jury regarding this issue. He acknowledged consulting his attorney and expressed satisfaction with his election not to testify. The evidence does not preponderate against the determination of the post-conviction court that the petitioner made an informed decision not to testify. Counsel was not ineffective in this regard.

## II

In his final issue, the petitioner contends the post-conviction court should have disqualified the Rutherford County District Attorney General's office from representing the state in this post-conviction proceeding. A current member of the district attorney's office, Jack Robinson, was formerly a police officer with the Murfreesboro Police Department. In the latter capacity, Robinson had some contact with the case.

Immediately following the offenses, Robinson responded to the scene outside the police station and collected the petitioner's revolver and some ammunition shells from the ground near where the victim Rhodes was lying. The petitioner called Robinson to testify about these facts at the post-conviction hearing. Robinson was also questioned about the search of the petitioner's truck, but he was unable to relay any facts to the trial court which are pertinent to resolution of issue IA above.[12] Robinson was not cross-examined by the state at the post-conviction hearing. Prior to the post-conviction hearing, the court ruled against the petitioner's

---

[12]Robinson's testimony was, at best, marginally relevant to the matters before the post-conviction court.

motion for disqualification of the district attorney's office, reasoning

> Well, I think that the way this is written, DR 5-102 envisions a lawyer acting as a witness in their [sic] own cause. And in this particular case, the lawyer is not being presented as a witness in their [sic] cause. You may be calling them but not by [sic] the State.

The petitioner cites Disciplinary Rules 5-101 and 5-102(A) in support of his argument. Those rules provide in pertinent part

> A lawyer shall not accept employment in contemplated or pending litigation if the lawyer knows or it is obvious that the lawyer or a lawyer in the lawyer's firm ought to be called as a witness, except that the lawyer may undertake the employment and the lawyer or a lawyer in the lawyer's firm may testify:
>
> (1) If the testimony will relate solely to an uncontested matter.
>
> (2) If the testimony will relate solely to a matter of formality and there is no reason to believe that substantial evidence will be offered in opposition to the testimony.
>
> [other exceptions omitted].
> . . .
>
> If, after undertaking employment in contemplated or pending litigation, a lawyer learns or it is obvious that the lawyer or a lawyer in the lawyer's firm ought to be called as a witness on behalf of the client, the lawyer shall withdraw from the conduct of the trial and the firm, if any, shall not continue representation in the trial, except that the lawyer may continue the representation and the lawyer or a lawyer in the lawyer's firm may testify in the circumstances enumerated [above].
>
> If, after undertaking employment in contemplated or pending litigation, a lawyer learns or it is obvious that the lawyer or a lawyer in the lawyer's firm may be called as a witness other than on behalf of the client, the lawyer may continue the representation until it is apparent that the testimony is or may be prejudicial to the client.

Tenn. Sup. Ct. R. 8 (Code of Prof'l Responsibility), DR 5-101 and 5-102. The purpose of the rules on attorney and law firm disqualification is not to protect a litigant from opposing counsel, but to protect the attorney's own client. Coakley v. Daniels, 840 S.W.2d 367, 371 (Tenn. Crim. App. 1992). An attorney who is called to the witness stand by his client's adversary has no obligation to withdraw from representation until his testimony is or may be prejudicial to his client. State v.

**14**

Browning, 666 S.W.2d 80 (Tenn. Crim. App. 1983); see generally State v. Baker, 931 S.W.2d 232 (Tenn. Crim. App. 1996), perm. app. denied (Tenn. 1996). The trial court's determination with respect to disqualification of an attorney based upon undisputed facts and conduct not taking place in court is a matter within the trial court's sound discretion, and it is not to be disturbed on appeal absent an abuse of discretion.[13] State v. Baker, 931 S.W.2d 232, 238 (Tenn. Crim. App. 1996), perm. app. denied (Tenn. 1996),

In this case, Robinson, a state's witness at the trial, was called to testify by the petitioner at the post-conviction hearing. His testimony was consistent with that which he had given previously, and it was in no way prejudicial to the district attorney general's client, the State of Tennessee. It was within the trial court's discretion to rule that the district attorney's office should not be disqualified from representing the state in the petitioner's case.

In summary, we find all of the petitioner's issues inappropriate for appellate relief. The judgment of the trial court is affirmed.

_____
CURWOOD WITT, JUDGE

CONCUR:

_____
GARY R. WADE, JUDGE

_____

[13]But see In Re Ellis, 822 S.W.2d 602, 605-06 (Tenn. App. 1991). In Ellis, a civil case, the court applied a standard of review found in Rule 13(d), Tenn. R. App. P., de novo review with a presumption of correctness. In the case now before us, the trial court's ruling on the disqualification issue would be approved even under the less deferential scope of Rule 13(d).

15

_____
DAVID H. WELLES, JUDGE